IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **GREG WATERMAN and others** similarly situated, | |
| Plaintiffs, | |
| v. | Civil Action No.: 2:09-cv-02541-dkv |
| **MULTIBAND CORPORATION,** | FLSA COLLECTIVE ACTION |
| Defendant. | JURY DEMANDED |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Multiband Corporation ("Multiband"), files this memorandum in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and Fed. R. Civ. P. 4(h).

## I.   INTRODUCTION

Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(6) because Multiband was not the employer of either the original Plaintiff, Gregory Waterman, or of Patrick Morris, who subsequently filed a notice of consent to join the lawsuit. In fact, Defendant did not and does not employ any technicians. Furthermore, Defendant moves for dismissal because it has not been properly served with the Complaint.

## II.   RELEVANT FACTS

1. On or about August 29, 2009, Plaintiff Gregory Waterman filed a Complaint under the Fair Labor Standards Act (FLSA) against Multiband Corporation, purportedly on behalf of himself and a group of "similarly situated" technicians.

2. On September 8, 2009, a summons was returned indicating that the Complaint was served on Jessica Walker at the North Memphis branch office of a non-wholly owned subsidiary of Multiband.

3. On October 29, 2009, Gregory Waterman and Patrick Morris filed consent forms to become party plaintiffs.

4. On November 2, 2009, the Court granted the parties' joint motion to extend the deadline for Defendant to answer or otherwise respond to November 16, 2009.

5. Defendant Multiband Corporation is a publicly traded corporation and is not licensed to do business in Tennessee.

6. Defendant does not employ technicians, and neither Gregory Waterman nor Patrick Morris is or was an employee of Defendant.

7. Jessica Walker, who is listed on the summons as the individual upon whom the complaint was served, is not an employee of Defendant Multiband and is not authorized to accept service of process on behalf of Defendant.

### III.     LAW AND ARGUMENT

**A.  Plaintiffs' Lawsuit Must be Dismissed Because Defendant Was Not Plaintiffs' Employer.**

Multiband Corporation is the only Defendant named in Plaintiffs' Complaint. To pursue an action against Defendant under the FLSA, Plaintiffs must prove that there was an employment relationship between the Plaintiffs and Multiband Corporation. *See* 29 U.S.C. Sec. 203. Plaintiffs cannot prove the existence of such a relationship because the evidence conclusively and irrefutably establishes otherwise, as set forth in Paragraphs 5 and 6 of the Relevant Facts and in the Declaration of Loretta Claypoole (attached hereto as Exhibit A). Furthermore, Multiband

Corporation does not employ any technicians, which was the position held by Plaintiffs and the purported class of individuals who were allegedly similarly situated to Waterman and Morris.

Because Multiband Corporation was not Plaintiffs' employer, the Court does not have subject matter jurisdiction over the corporation under the FLSA, and the Complaint should be dismissed. Moreover, Plaintiffs cannot state a claim against Defendant under the FLSA.

### B. Plaintiffs' Lawsuit Must be Dismissed for Failure to Properly Serve Defendant.

Additionally, Plaintiffs' Complaint should be dismissed because Plaintiffs have not properly served Defendant. Federal Rule of Civil Procedure 4(h) requires that service upon a corporation must be made either: 1) by a method that is valid under the law of the state in which the federal district court resides; or 2) by delivering a copy of the summons and complaint to an officer, a general or managing agent, or any other agent authorized by appointment or law to receive service of process. Neither the federal rule nor the Tennessee Rules of Civil Procedure authorizes service upon a corporation by delivering the summons to a person who is not an employee of the named defendant and is not authorized to accept service on behalf of the corporation.

Therefore, Defendant Multiband has not been properly served, and the Complaint should be dismissed on that basis.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction, failure to state a claim under the FLSA, and failure of service pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and Fed. R. Civ. P. 4(h).

        Respectfully submitted,

        s/ Kelly S. Gooch
Kelly S. Gooch (TN Bar No. 014325)
James R. Mulroy, II (TN Bar No. 000098)
JACKSON LEWIS LLP
999 Shady Grove Rd., Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email: goochk@jacksonlewis.com
      mulroyj@jacksonlewis.com

*Attorneys for Defendant Multiband Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 16th day of November 2009 filed the foregoing document using the Court's CM/EMF filing system, which will automatically send e-mail notification of such filing to the following individuals of record:

    Michael L. Russell, Esq. (TN #20268)
    Clinton H. Scott, Esq. (TN #23008)
    Justin S. Gilbert, Esq. (TN #017079)
    Jonathan L. Bobbitt, Esq. (TN #23515)
    GILBERT RUSSELL McWHERTER PLC
    101 North Highland
    Jackson, Tennessee 38301
    Telephone: (731) 664-1340
    Facsimile: (731) 664-1540
    Email: mrussell@gilbertfirm.com
          cscott@gilbertfirm.com
          jgilbert@gilbertfirm.com
          jbobbitt@gilbertfirm.com

*Attorneys for Plaintiff*

        s/ Kelly S. Gooch
        Counsel for Defendant