IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**GREG WATERMAN and**
**others similarly situated,**

                **Plaintiffs,**

v.                                                                                         No.: 2:09-cv-02541-dkv

**MULTIBAND CORPORATION,**                         **FLSA COLLECTIVE ACTION**
**DIRECTECH SOUTHWEST, INC.,**
**and SHAWN JONES.**
                **Defendants.**                         **JURY DEMANDED**

---

**FIRST AMENDED COMPLAINT**

---

PLAINTIFF, Greg Waterman, brings this action against the Defendants on behalf of himself and others similarly situated.

## I. PARTIES, JURISDICTION, AND VENUE

1.    This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2.    The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337.  The Court has personal jurisdiction over the Plaintiff, who is a resident of Memphis, Tennessee and the Defendants, who do business in the State of Tennessee.

3.    Venue also lies in this Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendants do business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4.    Plaintiff is a former employee of Multiband Corporation (hereafter "Defendant Multiband") and DirecTech Southwest, Inc. (hereinafter "Defendant DirecTECH").  During his

employment with Defendant Multiband and Defendant DirecTECH, Plaintiff was a covered employee under the FLSA.

5. The Defendants Multiband and Defendant DirecTECH are businesses engaged in commercial enterprise. They are covered employers under the FLSA. The Defendant Shawn Jones, at all times material hereto, has served as an administrator/manager for both Defendant Multiband Corporation and DirecTECH Southwest, Inc. and acted directly and/or indirectly in the interest of and on behalf of Defendant Multiband Corporation and Defendant DirecTECH Southwest, Inc with regard to Plaintiff and others similarly situated employees. Defendant Shawn Jones supervised/managed Plaintiff and other similarly situated employees and is responsible in whole or in part for the violations of the FLSA discussed herein.

6. Defendant Shawn Jones, Defendant Multiband, and Defendant DirecTECH will be collectively referred to as "Defendants."

7. In addition to the named Plaintiff, Defendants employ and have employed within the last three years additional similarly situated employees.

## II. INTRODUCTION

8. Plaintiff brings this claim individually and as part of a collective action under the FLSA, 29 U.S.C. § 216(b), on behalf of other employees of Defendants who were denied overtime compensation and were worked "off the clock." The collective action claims are for overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

## III. FACTUAL BASIS FOR SUIT

9. Defendants employed Plaintiff Greg Waterman until approximately July of 2009.

10.     During Plaintiff's employment, he performed work in excess of forty (40) hours per week on a regular and repeated basis.

11.     In addition to Plaintiff, other similarly situated hourly employees of Defendants performed work in excess of forty (40) hours on a regular and repeated basis.

12.     Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40).  29 C.F.R. § 778.101.

13.     Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work.  29 C.F.R. § 778.107.

14.     Plaintiff was regularly and repeatedly worked "off the clock," thereby allowing Defendants to avoid paying Plaintiff proper overtime compensation for all hours worked over forty (40).

15.     Likewise, other similarly situated employees were regularly and repeatedly worked "off the clock" in excess of forty (40) hours per workweek.

16.     Defendants' intentional failure to pay Plaintiffs and other similarly situated employees overtime wages are willful violations of the FLSA.

17.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees of Defendants are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper overtime compensation for at least three (3) years prior to the filing of this complaint.  Plaintiff is a representative of those other current and former employees and is acting

on behalf of their interests as well as Plaintiff's own interests in bringing this action. Those similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

## IV.  CAUSES OF ACTION

18. The forgoing facts are incorporated by reference as if fully stated herein.

19. Plaintiff, on behalf of himself and others similarly situated, brings the following cause of action against Defendants Multiband Corporation, Shawn Johnson, and DirecTECH Southwest, Inc.:  Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

20. Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former non-exempt employees during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked hours in excess of forty (40) hours in a week during the last three (3) years, but were not paid overtime by the FLSA.

21. A declaratory judgment that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and similarly situated persons who opt into this action;

22. A declaratory judgment that Defendant's violations of the FLSA were willful.

4

23. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of unpaid overtime compensation to be proven at trial.

24. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

25. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys fees and costs, pursuant to 29 U.S.C. § 216(b); and

26. An award of such other and further legal and equitable relief as may be appropriate.

27. Plaintiff demands a jury.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER PLC**

/s/ Clinton H. Scott
MICHAEL L. RUSSELL (20268)
JUSTIN S. GILBERT (017079)
CLINTON H. SCOTT (023008)
JONATHAN L. BOBBITT (23515)
101 North Highland
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing has been mailed electronically via the Court's electronic filing system, to all counsel of record this 1st day of December, 2009.

s/ Clinton H. Scott

5