THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

**GREG WATERMAN and**
others similarly situated,

      **Plaintiffs,**

v.                                                                                          No.: 2:09-cv-02541-SHM-dkv

**MULTIBAND CORPORATION,**                               FLSA COLLECTIVE ACTION
**DIRECTECH SOUTHWEST, INC.,**                        JURY DEMANDED
**and SHAWN JONES.**

      **Defendants.**
_____

### PLAINTIFF'S REPLY BRIEF
_____

Defendants have filed a Response in Opposition to Plaintiff's Motion for Court Supervised Notice in the above captioned matter. Comes now the Plaintiff and files this Reply.

### ISSUES/ARGUMENT

In their response, Defendants raise multiple issues, all of which are without merit. Specifically, Defendants allege that (1) Plaintiff has failed to show sufficient interest to justify collective action certification; (2) Plaintiff has failed to make even a minimal showing of similarly situated; (3) the statute of limitations should not be tolled; and (4) the proposed notice is not proper. Accordingly, Plaintiff responds as follows:

**1.**     **Sufficient Interest Exists**

First, under the FLSA, it is not Plaintiff's burden to show sufficient interest. This is why Defendants have failed to cite a single case where an FLSA collective action was not permitted to proceed because Plaintiff failed to show sufficient interest on behalf of prospective class members to opt-into the litigation.

Second, even if this was a burden placed on Plaintiff, sufficient interest does exist for this case to move forward as a collective action. Defendants readily admit that "no specific minimum number of opt-ins is required to establish a showing of sufficient interest." (DE# 50, p. 13). Instead, Defendants attack the declarations of Greg Waterman and Patrick Morris, which were submitted by Plaintiff in support of notice motion. Each affidavit states that "[d]uring my employment, co-workers openly complained that they wished some action could be taken to recover unpaid wages." These affidavits show that sufficient interest exists for this case to proceed as a collective action.

Finally, Defendants also argue in error that these statements are inadmissible hearsay and should not be considered are in error. Under Defendants theory, they ask this Court to force Plaintiff to file affidavits of each and every prospective class member that desires to opt-into this litigation, which is simply not required by the law. Both Plaintiff and Waterman personally obtained direct knowledge that there are other similarly situated employees that would be interested in opting into the prospective class. *See Johnson v. ECT Contracting, LLC*, No. 3:09-0130, 2010 U. S. Dist. LEXIS 14237, *9 (M. D. Tenn. Feb. 18, 2010) (Opinion Memorandum granting Motion for Approval of 29 U.S.C. § 216(b) Notice and Consent Forms and to Order Disclosure of Current and Former Employees) (attached herto as Appx. 1). This is sufficient.

2.  **"Similarly Situated"**

In August of 2009, the Sixth Circuit handed down the seminal case on FLSA collective actions in this jurisdiction. *O'Brien v. Ed. Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009). Defendants' response fails to cite or address this critical opinion, presumably because it does not support their position. *O'Brien* is thoroughly discussed in Plaintiff's motion.

In this case, Plaintiff has exceeded the *O'Brien* standard. Under the "lenient" standard

set forth in *O'Brien*, Plaintiffs have shown a single policy of working technicians at Defendants Atoka location "off the clock."  Furthermore, the prospective class members/technicians, worked under the supervision/control of Defendant Shawn Jones at all material times, as he was the "operations manager of the Atoka branch from September 2007" until October of 2009.  (Decl. of Shawn Jones, ¶ 1, DE# 50-1).

**3.     Tolling of Statute of Limitations/Postmark Date for Notice**

Defendants ask for authority to support Plaintiff's request to toll the statute of limitations as of the date this Court permits this matter to proceed as a collective action.  In *Johnson v. ECT Contracting, LLC*, District Judge Echols of the Middle District of Tennessee, tolled the statute of limitations for the putative class as of the date of his Order allowing the matter to proceed as a collective action.  No. 3:09-0130, DE# 43 (M.D. Tenn. Feb. 18, 2010) (Order) (attached as Appx. 2).

Defendants also argue that collective action opt-in notices should not be deemed filed on the date they are postmarked.  Once again, Defendants cite no authority to support their position.  Plaintiff, however, would direct the Court to *Johnson v. ECT Contracting, LLC*.  No. 3:09-0130, DE#43 (M.D. Tenn. Feb. 18, 2010).

**4.     Notice**

Defendants also criticize Plaintiff's proposed notice.  After reviewing Defendants comments, Plaintiff has revised the proposed notice, which is attached hereto as **Exhibit 1**.  The revised notice addresses Defendants concerns regarding to whom the notice is directed, the employer, the use of the word "hourly" employees, and the addition of James R. Mulroy as counsel for the Defendants.

With regard to the remaining objections by Defendants, they are without merit.  This

notice has previously been approved by other courts within the Sixth Circuit, as discussed in Plaintiff's motion.

## 5. Factual Disputes

Finally, Defendants spent a great deal of time in their response disputing the factual assertions made by Greg Waterman and Patrick Morris in their declarations. These factual disputes are irrelevant at this juncture, but do demonstrate that genuine issues of material fact exist in this litigation.

## CONCLUSION

Based on the foregoing, Plaintiff requests that his Motion for Court Supervised Notice and other relief be GRANTED.

Respectfully submitted,

GILBERT RUSSELL McWHERTER PLC

s/Clinton H. Scott
MICHAEL L. RUSSELL (20268)
CLINTON H. SCOTT (23008)
101 North Highland
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on this the 1st day of April, 2010. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

s/Clinton H. Scott